FILED BY \_\_\_\_ D.C.

AUG 08 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20497 CR-GAYLES**

18 U.S.C. § 924(a)(1)(A)
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)(1)

**MAGISTRATE JUDGE OTAZO-REYES**

**UNITED STATES OF AMERICA**

vs.

**SHAROD WILLIAM HOLLIE,**

**Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### False Statement in Required Information Kept by Firearms Dealer
### (18 U.S.C. § 924(a)(1)(A))

On or about November 28, 2018, in Miami-Dade County, in the Southern District of Florida, the defendant,

**SHAROD WILLIAM HOLLIE,**

did knowingly make a false statement and representation with respect to information required by Chapter 44 of Title 18, United States Code, to be kept in the records of General Pawn LLC, a federally licensed firearms dealer, in that the defendant stated in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he had not been convicted of a crime for which a judge could have imprisoned him for more than one year, when in truth and in fact, and as the defendant then and there well knew, he had been convicted of a crime for which a judge could have

imprisoned him for more than one year, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT 2
### False Statement to a Federally Licensed Firearms Dealer
### (18 U.S.C. § 922(a)(6))

On or about January 11, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

### SHAROD WILLIAM HOLLIE,

in connection with his attempted acquisition of a firearm from a federally licensed firearms dealer, that is, La Estrella de Oro Joyeria, Inc. d/b/a La Estrella De Oro #19, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the attempted acquisition of said firearm, in that the defendant stated in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he had not been convicted of a crime for which a judge could have imprisoned him for more than one year, when in truth and in fact, and as the defendant then and there well knew, he had been convicted of a crime for which a judge could have imprisoned him for more than one year, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT 3
### False Statement in Required Information Kept by Firearms Dealer
### (18 U.S.C. § 924(a)(1)(A))

On or about January 11, 2019, in Miami-Dade County, in the Southern District of Florida, the defendant,

### SHAROD WILLIAM HOLLIE,

did knowingly make a false statement and representation with respect to information required by Chapter 44 of Title 18, United States Code, to be kept in the records of La Estrella de Oro Joyeria,

Inc. d/b/a La Estrella De Oro #19, a federally licensed firearms dealer, in that the defendant stated in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he had not been convicted of a crime for which a judge could have imprisoned him for more than one year, when in truth and in fact, and as the defendant then and there well knew, he had been convicted of a crime for which a judge could have imprisoned him for more than one year, in violation of Title 18, United States Code, Section 924(a)(1)(A).

### FORFEITURE ALLEGATIONS
### (18 U.S.C. § 924(d)(1))

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of criminal forfeiture to the United States of America of certain property in which the defendant, **SHAROD WILLIAM HOLLIE**, has an interest.

2. Upon conviction of a violation alleged in this Indictment, the defendant shall forfeit to the United States of America any firearm and ammunition involved in or used in the commission of such violation, pursuant to Title 18, United States Code, Section 924(d)(1).

(THIS SPACE INTENTIONALLY LEFT BLANK.)

All pursuant to Title 18, United States Code, Section 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
BENJAMIN A. GELLIS
SPECIAL ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

SHAROD WILLIAM HOLLIE,

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)
✓ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New defendant(s)              Yes ___ No ___
Number of new defendants      ___
Total number of counts        ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect   _____

4. This case will take __1-3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)
   I     0 to 5 days        ✓              Petty       ___
   II    6 to 10 days       ___            Minor       ___
   III   11 to 20 days      ___            Misdem.     ___
   IV    21 to 60 days      ___            Felony      ✓
   V     61 days and over   ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
BENJAMIN A. GELLIS
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 111506

*Penalty Sheet(s) attached                                                REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** SHAROD WILLIAM HOLLIE

**Case No:** _____

Counts #: 1 & 3

False Statement in Required Information Kept by Firearms Dealer

Title 18, United States Code, Section 924(a)(1)(A)

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 2

False Statement to a Federally Licensed Firearms Dealer

Title 18, United States Code, Section 922(a)(6)

**\*Max. Penalty:** Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**