UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20497-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SHAROD WILLIAM HOLLIE

      Defendant.

_____

## DETENTION ORDER

On October 9, 2019, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) in the above entitled case to determine whether Defendant SHAROD WILLIAM HOLLIE ("Defendant") should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at trial. Therefore, it is hereby **ORDERED** that the Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.     Defendant is charged with two counts of making false statements in required information kept by a firearm dealer pursuant to 18 U.S.C. § 924(a)(1)(A) and one count of making false statements to a federally licensed firearms dealer pursuant to 18 U.S.C. § 922(a)(6).

2.     The weight of the evidence against the Defendant is substantial. The Government proffered facts setting forth the basis for the indictment against Defendant and its motion for pretrial detention. Agent Crystal Eshleman of the Bureau of Alcohol, Tobacco, and Firearms testified and reaffirmed the factual proffer by the Government, as set forth below.

1

3.      In November of 2018, Hollie attempted to purchase a firearm from General Pawn LLC. In doing so, he stated on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he had not been convicted of a crime for which a judge could have imprisoned him for more than one year. In fact, Defendant has previously been convicted in 2014 of battery of an elderly person, a crime for which a judge could have imprisoned him for more than one year. The store clerk entered this information into the background check and the application for the firearm was denied. When advised of the denial Defendant was asked to leave and police were called. He was arrested outside of the store a few moments later.

4.      In January of 2019, Hollie attempted to purchase a firearm from La Estrella de Oro Joyeria. He similarly stated on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he had not been convicted of a crime for which a judge could have imprisoned him for more than one year. The store clerk entered this information into the background check and the application for the firearm was denied.

5.      The pertinent history and characteristics of the Defendant weigh in favor of detention. Though he is a citizen of the United States and has resided in Miami, Florida his whole life, Defendant has a diagnosis of schizophrenia and history of Baker Act commitment, as recently as last month. Defendant's residence is unstable, and he indicated that he could not return to the house if released. No family or potential third-party custodian appeared in Court, though defense counsel represented that she had spoken to Defendant's mother.

6.      Defendant's Criminal History includes one felony for which he was placed on probation in 2014 for a period of five years, that term had not yet expired at the time the alleged instant offenses occurred.

7.      Defendant has no stable employment and has been unemployed for the past two to three months.

8.      The Court finds by a preponderance of the evidence that Defendant presents a risk of flight. The nature of the offense is serious and the weight of evidence substantial. Although Defendant has ties to Miami, the relevant District, he has an unstable living condition, prior violations of court orders, no current employment, and a history of mental illness.

9.      Based on the above evidence, the Court finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required, or which will assure the safety of the community. 18 U.S.C. §3142(e).

The Court hereby directs:

1.      That Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      That Defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      That, on the order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined in to deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 10th day of October, 2019 at Miami, Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE