UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-20497-CR-GAYLES

**UNITED STATES OF AMERICA,**
    Plaintiff,

vs.

**SHAROD WILLIAM HOLLIE,**
    Defendant.
_____/

## MR. HOLLIE'S MOTIONS *IN LIMINE*

Sharod Hollie, through undersigned counsel, respectfully files this Motion *in Limine* to exclude certain evidence at trial.

### Procedural Posture

On August 8, 2019, a grand jury in the Southern District of Florida returned an indictment charging Mr. Hollie with two counts of making a false statement in required information kept by a firearms dealer, in violation of 18 U.S.C. § 924(a); and one count of making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6). (DE 3). Mr. Hollie first appeared in court on October 10, 2019. (DE 10). The court held Mr. Hollie without a bond and he was detained at the Federal Detention Center. (DE 12). Undersigned counsel raised concerns about Mr. Hollie's competency to proceed with the Court on December 27, 2019. (DE 19). On July 13, 2020, the Court found Mr. Hollie incompetent to proceed. (DE 25). The Bureau of Prison designated Mr. Hollie to the Federal Medical Center in Butner, North Carolina until the Court found him competent to proceed on September 9, 2021.

(DE 38). The Court set this trial to begin on February 22, 2022. (DE 49).

## Relevant Facts

The charges in the indictment stem from Mr. Hollie's two attempts to purchase firearms from federally licensed firearms dealers on November 28, 2018, and January 11, 2019. The government alleges that Mr. Hollie knowingly made false statements in records kept by firearms dealers and in a statement to a firearms dealer.

On November 28, 2018, at General Pawn in Miami, Florida, Mr. Hollie filled out ATF Form 4473, a required firearms transaction record. On the form, Mr. Hollie indicated that he had never been convicted of a felony. After a background check, a store employee informed Mr. Hollie that he received a non-approval to purchase a firearm. Mr. Hollie remained in the gun store after the employee informed of the denial, but he ultimately left on his own accord. During the time he remained in the store, the store owner called police about his behavior. Later, Officer Bonilla stopped Mr. Hollie on the street because he matched the description given by the storeowner. During a questionably consensual search, Officer Bonilla found a misdemeanor amount of marijuana in Mr. Hollie's pocket. Mr. Hollie was placed in the back of the police car. Although Officer Bonilla read Mr. Hollie his <u>Miranda</u> rights, Mr. Hollie never expressed that he understood or waived them. Despite this, Officer Bonilla had a conversation with Mr. Hollie about his probation status, the marijuana in his pocket, and his earlier visit to the gun store. The details of the conversation are difficult to hear. This conversation was disclosed to undersigned in a discovery filing of Officer Bonilla's body worn camera on February 14, 2022.

On January 11, 2019, at La Estrella de Oro Joyeria in Miami, Florida, Mr. Hollie filled out ATF Form 4473, a required firearms transaction record. On the form, Mr. Hollie indicated that he had never been convicted of a felony. After a background check, a store employee informed Mr. Hollie that he received a non-approval to purchase a firearm.

Mr. Hollie's felony conviction stems from an arrest in 2010. Mr. Hollie was arrested for attempted murder and aggravated battery with a deadly weapon. However, court records show that Mr. Hollie ultimately pled no contest in 2014 to the charge of aggravated battery on a person over 65 years old and received a probation sentence that included inpatient treatment.

## Motions *in Limine*

I. <u>Motion to exclude the facts of the underlying conviction and charged crimes that did not result in a conviction</u>

Mr. Hollie moves to exclude any information about the underlying facts of his 2010 case and the charges for which he was arrested by not convicted. Certainly the government needs to prove that Mr. Hollie knowingly lied about his status as a convicted felon; so his prior felony conviction is relevant. However, the facts underlying the conviction are not relevant at all and the prejudice substantially outweighs any probative value. The charges that Mr. Hollie was arrested for, but never convicted of, are similarly irrelevant and unduly prejudicial and improper evidence of other wrongs or acts.

Federal Rule of Evidence 401 requires that evidence have the tendency to make a fact more or less probable that it would be without the evidence, and that the fact

3

is of consequence in determining the action. Here, the underlying facts of Mr. Hollie's arrest, as well as the dropped charges, do not tend to make any fact more or less probable. The only possible reason to offer the information is to inflame the passions of the jury by providing evidence that makes Mr. Hollie look dangerous. This evidence must be excluded under Fed. R. Evid. 401.

Even if the Court finds some modicum of relevance, the Court should exclude the evidence under Fed. R. Evid. 403. The underlying facts of Mr. Hollie's case include a violent fight with his grandfather as Mr. Hollie was in the midst of a schizophrenic break. During the fight, Mr. Hollie had a knife and Mr. Hollie's grandfather shot Mr. Hollie. There is no probative value to this information, or the fact that Mr. Hollie was originally charged with attempted murder and aggravated battery with a deadly weapon. Instead, the danger of unfair prejudice substantially outweighs any possible probative value and the evidence must therefore be excluded under Fed. R. Evid. 403.

II.    Motion to exclude Mr. Hollie's arrest for marijuana on November 28, 2018

Mr. Hollie moves to exclude all evidence and testimony about what happened after Mr. Hollie left the gun store on November 18, 2018. On November 18, 2018, after Mr. Hollie left General Pawn, he was arrested on the street for misdemeanor possession of marijuana. This arrest is not relevant to the crime charged, its probative value is substantially outweighed by its unfair prejudice, and it is improper evidence of an uncharged crime or act.

At the time that Mr. Hollie was stopped by police on November 18, 2018, there was no reasonable suspicion that he had committed any crime. Officers had a

4

description of a person who lingered too long in General Pawn. The arresting officer describes the pat-down as consensual, acknowledging that at the time of the stop, he had no reason to be patting down Mr. Hollie. During this pat-down, the officer found marijuana. This discovery is not related in any way to the charges in the pending indictment.

Everything from the time that Mr. Hollie left the gun store on November 18, 2018, must be excluded. Evidence of Mr. Hollie's later arrest for marijuana does not tend to make a fact more or less probably under Fed. R. Evid. 401. There is no probative value, but even if there were, it is substantially outweighed by its unfair prejudice. And evidence of this crime and arrest is improper other crimes, wrongs, or acts evidence under Fed. R. Evid. 404(b)(1). Therefore, the Court must exclude any evidence of what happened after Mr. Hollie left the gun store on November 18, 2018.

  III.  <u>Motion to exclude body worn camera worn by Officer Bonilla on November 28, 2018 and all statements made to Officer Bonilla</u>

Mr. Hollie specifically moves to exclude footage from Officer Bonilla's body worn camera from November 18, 2018, and any statements made to Officer Bonilla that day. On February 16, 2022, the government noticed undersigned, for the first time, of body worn camera footage that depicts Mr. Hollie's search, arrest, and ride to the police station that night. The footage is difficult to understand or hear. However, it is relatively clear that Officer Bonilla is asking questions to Mr. Hollie and Mr. Hollie makes statements about the marijuana arrest, about his status on probation, and about his visit to the gun store that were taken in violation of the Fifth Amendment. Any evidence from this body worn camera should be excluded as

untimely, as a violation of the Fifth Amendment, as more substantially more prejudicial than probative under Fed. R. Evid. 403, and as evidence of an uncharged crime or act under Fed. R. Evid. 404.

Mr. Hollie's case has been pending since October of 2019. The government was aware of Mr. Hollie's arrest on the marijuana charge at the time they indicted him, and they provided an arrest form regarding this arrest in the initial discovery. However, the government failed to provide any notice about statements made by Mr. Hollie until its disclosure of the body worn camera after the government announced that it was ready for trial at a calendar call. Mr. Hollie sat incompetent for nearly two years, waiting for his trial. He should not be prejudiced by the government's inability to engage in the most basic of its discovery obligations. This Court should exclude this evidence as untimely.

Moreover, the footage contains an obvious violation of Mr. Hollie's Fifth Amendment rights. Had the footage been timely provided, undersigned would have filed a formal motion to suppress. However, because the evidence was provided one week before the trial, after the government announced ready, Mr. Hollie would be forced to choose between his right to a speedy trial and his Fifth Amendment rights. Should the Court seek to make a determination about whether the questioning by Officer Bonilla violated the Fifth Amendment, the Court need only watch the footage. Without any indication that Mr. Hollie understands or waives his rights, Officer Bonilla proceeds to ask Mr. Hollie questions as he is handcuffed in the back of the police car. The answers include information about the marijuana, about Mr. Hollie's

6

probation status, and about Mr. Hollie's visit to the gun store. All of these statements, and the footage itself, must be excluded as a violation of Mr. Hollie's Fifth Amendment rights.

The evidence should additionally be excluded under Fed. R. Evid. 403 and 404. The body worn camera footage is part of the arrest for marijuana. While the government may argue that there is probative value in the un-Mirandized statements, the unfair prejudice substantially outweighs any value. Further, the body worn camera footage is evidence of a separate and uncharged arrest, in violation for Fed. R. Evid. 404. Because the government failed to disclose this evidence until February 14, 2022, because Mr. Hollie's Fifth Amendment rights were violated, and because the prejudice of the irrelevant evidence substantially outweighs its probative value, the body worn camera footage and any statements made to law enforcement must be excluded.

IV.    Motion to exclude testimony that Mr. Hollie previously visited a gun store

Mr. Hollie moves to exclude testimony that he had previously visited General Pawn. A store employee told law enforcement that prior to November 18, 2018, Mr. Hollie had previously visited General Pawn on a number of occasions. On those occasions, Mr. Hollie did not fill out any ATF forms, nor did he make any statements related to the charges in this case. The only reason to introduce the fact that Mr. Hollie previously visited the stores is to inflame the jury. This evidence is unfairly prejudicial and that prejudice outweighs any probative value under Fed. R. Evid. 403. Moreover, it is improper 404(b) evidence and must also be excluded on that basis.

For the foregoing reasons, the evidence of the underlying facts and arrest charges, the evidence of Mr. Hollie's marijuana arrest, the body worn camera and statements made to Officer Bonilla, and testimony that Mr. Hollie previously visited a gun store must be excluded. Mr. Hollie respectfully requests the Court determine the admissibility of this evidence prior to the start of trial.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:   /s/ *Lauren Field Krasnoff*
Lauren Field Krasnoff
Assistant Federal Public Defender
Florida Bar No.: 86951
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 533-4255
Fax: (305) 536-4559
E-mail: lauren_krasnoff@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on February 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ *Lauren Field Krasnoff*