UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20497-CR-DPG

UNITED STATES OF AMERICA,

vs.

SHAROD WILLIAM HOLLIE,

    Defendant.
_____/

## MOTION IN LIMINE TO PRECLUDE THE DEFENDANT FROM INTRODUCING ANY EVIDENCE OF HIS MENTAL HEALTH CONDITION AT TRIAL

The United States of America, through undersigned counsel, requests that this Court exclude at trial any evidence of the defendant, Sharod William Hollie's, mental condition. The defense may attempt to introduce evidence of the defendant's mental condition to show (1) that his state court plea to aggravated battery charges was involuntary/invalid, (2) that he was unaware that his state court plea made him a convicted felon, and/or (3) that he was unaware of the nature/consequences of his actions or lacked the requisite *mens rea* when filling out the ATF forms at issue in this case. To date, the defendant has not provided the government with any discovery, including expert reports, that would support the introduction of mental health evidence at trial. Further, the defendant has not notified the government or filed a notice with the Court of either (1) an intent to seek an insanity defense, or (2) to introduce expert evidence of a mental condition at trial. *See* Fed. R. Crim. P. 12.2(a) and (b). Moreover, as explained below, a defense of diminished capacity (which the defendant may intend to raise through evidence of his mental condition) is not legally permissible based on the charged crimes, which are general intent crimes. *See United States v. Cameron*, 907 F.2d 1051, 1063 n.20 (11th Cir. 1990) ("Psychological evidence is relevant

to *mens rea* only when the defendant is charged with a specific intent crime."). Lastly, Supreme Court precedent does not allow the defendant to collaterally attack his 2014 conviction during his trial. *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L.Ed.2d 198 (1980). Accordingly, any evidence pertaining to the defendant's mental condition is irrelevant, unfairly prejudicial, and should be excluded.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 28, 2018, the defendant visited General Pawn, LLC, a federally licensed firearms dealer ("FFL"), in Miami, Florida, and advised the store clerk that he was interested in purchasing a firearm. The defendant had not picked out a firearm to purchase but did spend several minutes looking at various firearms on display. The defendant was provided with ATF Form 4473, which he filled out with his personal information. An ATF Form 4473 includes a list of yes or no questions, one which asks whether the intended purchaser has previously been convicted of a felony, to which the defendant answered *no*. The defendant is a convicted felon, having pleaded no contest to the charge of aggravated battery on an elderly person over the age of 65. *See* Miami-Dade Case No. F10-002497. The defendant returned the form to the clerk and paid the $20 background check fee. The defendant was not approved to purchase a firearm.

On January 11, 2019, the defendant visited a second FFL, Estrella de Oro #19, in Miami, Florida, and attempted to purchase rifle parts for a broken rifle he claimed to have at home. The clerk advised him that it would be cheaper to purchase a new rifle, rather than parts to repair the one he already owned. After discussing his options with the clerk, the defendant indicated that he wanted to purchase a Palmetto State Armory PA-15 rifle. The clerk provided the defendant with an ATF 4473 form, which the defendant filled out and provided back to the clerk. The defendant checked "no" on the ATF Form 4473 when asked whether he was a convicted felon. The defendant,

again, was not approved for the purchase of a firearm. The clerk notified the defendant of his non-approval.

On August 8, 2019, a Grand Jury sitting in the Southern District of Florida charged the defendant with two counts of making a false statement in required information kept by a firearms dealer, in violation of Title 18, United States Code, Section 924(a)(1)(A), and one count of making a false statement to a federally licensed firearm dealer, in violation of Title 18, United States Code, Section 922(a)(6). (DE 3). The trial in this case is set to begin on February 22, 2022. (DE 49).

## ARGUMENT

At the pretrial status conference, the defense indicated that, at that time, it did not intend to argue an insanity or diminished capacity defense. Nevertheless, the government moves to preclude any evidence or argument regarding the defendant's mental condition which would tend to show; (1) that his state plea to aggravated battery charges was involuntary/invalid, (2) that he was unaware that his state plea made him a convicted felon, and/or (3) that he was unaware of the nature/consequences of his actions, or (4) lacked the requisite *mens rea* when filling out the ATF forms at issue in this case.  This Court should preclude the defendant from introducing such evidence or making any arguments to this effect.

   **a. The defendant has provided no discovery or notice regarding an intent to assert a mental health defense.**

As a preliminary matter, the defendant has provided no reciprocal discovery in this case, let alone any reports (expert or otherwise) that would support the introduction of evidence regarding the defendant's mental condition.

Pursuant to Federal Rule of Criminal Procedure 12.2(b), "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . (1) the issue of guilt . . ., the defendant must--within the time provided

3

for filing a pretrial motion or at any later time the court sets--notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk." The defendant has not provided/filed the requisite notice and has stated that he does not intend to so; therefore, he should be precluded from introducing such evidence at trial. *See* Fed. R. Crim. P. 12.2(d)(1) ("The court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt . . . if the defendant fails to: (A) give notice under Rule 12.2(b); or (B) submit to an examination when ordered under Rule 12.2(c).").

    **b. The defendant has not filed a notice of intent to assert an insanity defense.**

Pursuant to Federal Rule of Criminal Procedure 12.2(a), a defendant who intends to raise an insanity defense at trial "must so notify an attorney for the government in writing . . . and file a copy of the notice with the clerk.") The defendant has not provided or filed any such notice, and "[a] defendant who fails to do so cannot rely on an insanity defense." *Id.* For this reason, the Court should prohibit any attempts by the defendant to rely on an insanity defense. The Court should further prohibit the defendant from making veiled attempts to rely on an insanity defense by making arguments that touch on the defendant's capacity to understand his actions or that he did not possess the intent to commit the charged offenses.

    **c. The defendant cannot assert a diminished capacity defense because he is charged with general intent crimes.**

Any evidence that the defendant suffered from a mental health condition or diminished capacity on November 28, 2018, and January 11, 2019, is not probative of the defendant's *mens rea* because the indictment charges him with three general intent crimes. *Peralta*, 930 F.Supp. at 1526. The Eleventh Circuit has explicitly found that violations of Title 18, United States Code, Section 924(a)(1)(A) (false statement in required information kept by a firearms dealer) (counts 1

4

and 3) and Title 18, United States Code, Section 922(a)(6) (a false statement to a federally licensed firearm dealer) (count 2) are general intent crimes. *See United States v. Hawkins*, 794 F.2d 589, 591 (11th Cir. 1986) (citations omitted).

At trial, it is the government's understanding, that the defendant may attempt to argue that he did not know he was a convicted a felon when he filled out the ATF Form 4473 at General Pawn and Estrella de Oro #19. Specifically, the defendant may argue that his mental health condition or diminished capacity impaired his ability to understand that he was a convicted felon on the dates charged, and, therefore, did not intend to make a false statement when he checked "no," next to question 11(c).

The crimes charged in the indictment are general intent crimes and "to the extent [the defendant] seeks to introduce psychological evidence for the purpose of establishing that he lacked a sufficiently culpable mental state to commit the charged offenses, the evidence is *per se* irrelevant and inadmissible since the charged offenses do not require proof of specific intent." *See Peralta*, 930 F. Supp. at 530 (emphasis in original). As discussed above, the defendant has not provided a single document of reciprocal discovery supporting an argument that his mental health condition or diminished capacity affected his knowledge on the dates charged.

The Court should further prohibit any evidence that the jury could use to *infer* the existence of a mental health condition or diminished capacity. For example, one government witness told law enforcement, in March of 2019, that after the transaction occurred at Estrella de Oro, the defendant appeared to be mumbling to himself. Any questioning about this witness's observation is inadmissible and irrelevant because its evidentiary value lies only in the inference that, at the time of the transaction, the defendant suffered from a mental health condition or diminished capacity, and therefore, made the false statement on the ATF Form 4473 unknowingly. See *Id*.

Any similar evidence, like the fact that the defendant stayed inside General Pawn after he was not approved to purchase a firearm and asked to leave, that may lead to a similar inference by the jury should also be precluded.

Therefore, the government asks the court to exclude any evidence that may be used to infer that the defendant suffered from a mental health condition or diminished capacity at the time of the charged conduct as inadmissible and irrelevant.

d. **The defendant may not collaterally attack his prior conviction at trial.**

To the extent the defendant may seek to introduce evidence of his mental condition to collaterally attack his felony conviction (e.g., by arguing that he was incompetent at the time of his plea), he may not do so. *See, e.g.*, *Lewis v. United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L.Ed.2d 198 (1980) (holding that to the extent prior state-court felony conviction may be subject to collateral attack, it could probably be used as a predicate for [the defendant's] subsequent conviction for possession of a firearm in violation of § 1201(a)(1); *United States v. Fillingim*, 688 F. App'x 670, 672 (11th Cir. 2017) ("The Supreme Court has held that in a federal prosecution for being a felon in possession of a firearm a defendant may not collaterally attack his prior conviction in order to negate the government's evidence that he had a felony conviction."); *United States v. Washington*, 544 F.App'x. 365 (5th Cir. 2013) ("Washington first contends that the district court should have quashed the indictment because his prior Louisiana felony conviction was constitutionally invalid. At the time of his arrest for the instant offense, however, Washington remained a convicted felon. Accordingly, his argument is foreclosed by *Lewis v. United States*."); *United States v. Leuschen*, 395 F.3d 155, 157 (3d Cir. 2005) ("[w]e hold that *Lewis* precludes a defendant's collateral attack on a prior conviction in defense of a prosecution" of a statute which "prohibited firearm possession by convicted felons."); *Burrell v.*

*United States*, 384 F.3d 22, 27–28 (2d Cir.2004) ("the determinate factor is defendant's criminal record at the time of the charged possession .... Thus, a § 922(g)(1) conviction is 'not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified.).

Accordingly, any evidence the defendant would seek to introduce to undermine the validity of his prior sentence, including evidence regarding his mental condition at the time of his plea, is irrelevant and should be excluded.

## CONCLUSION

For the reasons set forth above the government respectfully requests that the Court grant its Motion and preclude the defense from putting forth any evidence relating to the Defendant's mental health condition or diminished capacity at the time of the crimes charged or on the date of his July 2014 no contest plea.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   */s/ Bertila Lilia Fernandez*
Bertila Lilia Fernandez
Assistant United States Attorney
Florida Bar No. 92765
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9099
bertila.fernandez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Bertila Lilia Fernandez*
Bertila Lilia Fernandez
Assistant United States Attorney