## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-20497-DPG

**UNITED STATES OF AMERICA**

**v.**

**SHARAD WILLIAM HOLLIE,**

    **Defendant.**

_____/

### UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO ADMIT WITNESS TESTIMONY AND LETTERS WRITTEN BY THE DEFENDANT

The United States of America, through the undersigned Assistant United States Attorney, seeks to introduce the testimony of Judge Teresa Pooler from the 11th Judicial Circuit of the State of Florida. The United States further seeks to introduce a letter written by the defendant, after his conviction for his underlying felony offense, which states that he had been convicted. This evidence is admissible to prove a necessary element of the crimes charged in the Indictment, namely, that the defendant knew he was a convicted felon when he twice made false statements in applications to purchase firearms from a federally licensed firearms dealer.

### I.    BACKGROUND

After having been arrested several times for misdemeanor offenses, the defendant, Sharod William HOLLIE ("the defendant"), was convicted of Aggravated Battery on an Elderly Person on July 16, 2014. This conviction stemmed from a 2010 incident, where HOLLIE stabbed his grandfather in the abdomen in violation of a protective injunction that the victim sought against

HOLLIE due to his prior behavior. The defendant pled no contest before Judge Teresa Pooler and was sentenced to 5 years' probation with mental health conditions.[1]

The instant Indictment, which was filed on August 8, 2019, charges HOLLIE with two counts of False Statement in Required Information Kept by a Firearms Dealer, in violation of Title 18, United States Code, Section 924(a)(1)(A), and one count of False Statement to a Firearms Dealer, in violation of Title18, United States Code, Section 922(a)(6) (DE 3). The indictment alleges that on November 28, 2018, and January 11, 2019, the defendant entered two different pawn shops and attempted to buy firearms, knowing that he was prohibited from doing so because of his status as a convicted felon.

Specifically, on November 28, 2018, the defendant entered General Pawn, LLC., in Miami, Florida, and attempted to purchase a firearm. Video surveillance captured the defendant perusing the store's display cases for the right one. In anticipation of making this purchase, the defendant filled out Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, which is a form that buyers must complete before purchasing a firearm from a federally licensed firearms dealer ("FFL"). The defendant is captured on surveillance footage completing this form, including the personal information contained therein. Towards the end of the form, the defendant answered a series of "yes" or "no" questions, one of which was question 11(c), which reads: "Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including

---

[1] A transcript of the plea colloquy is not available. A certification from the court reporter, explaining that her tapes were destroyed due to a technological issue, is attached as Attachment A. The government also contacted Apex Reporting, the company responsible for producing the transcripts. A representative informed the government that they do not have and cannot produce the transcript.

probation?" The defendant answered "no," even though he was on felony probation for aggravated battery on November 28, 2018.

Once the defendant completed filling out the form, the store employee submitted the information to the National Instant Background Check System ("NICS") and received a notification stating that HOLLIE was denied. HOLLIE refused to leave the pawn shop. The store owner then notified police, who responded shortly thereafter and arrested the defendant at a bus stop across the street from the pawn shop. This incident constitutes the basis for Count 1 of the Indictment.

On January 11, 2019, HOLLIE visited La Estrella de Oro Joyeria, Inc. ("La Estrella"), which is also an FFL. HOLLIE entered the store several times in the weeks preceding January 11, and each time he inquired about purchasing rifle parts. He explained to the store clerk that he needed rifle parts because he had one at home that he was looking to fix. The clerk advised HOLLIE that it would be cheaper to purchase a new rifle. HOLLIE again perused the firearm selection and, this time, stated that he was interested in purchasing a Palmetto Armory model PA-15, which is a .223 caliber rifle that La Estrella had on sale. The store clerk provided HOLLIE with the ATF Form 4473, which HOLLIE completed without assistance. Again, when answering question 11(c), HOLLIE answered "no." The store clerk submitted the information to NICS and received a notification that HOLLIE's application was denied.

The handwriting on both ATF Forms 4473 filled out at the FFLs appears identical and is also identical to the handwriting on the letter the government is seeking to admit.

## II.     EVIDENCE TO BE INTRODUCED

The government seeks to introduce testimony from Judge Teresa Pooler. The government anticipates that Judge Pooler will explain to the jury her usual plea colloquy practice in felony pleas, the effect of a no-contest plea, and the difference between misdemeanor and felony offenses. The government further expects that Judge Pooler will testify that at the beginning of the plea colloquy, she advises the defendant of the nature of the charges and that the charge is a felony. The judge's standard plea colloquy is scripted and involves advising defendants of: the nature of the charges, the defendant's potential sentencing exposure, the defendant's state of mind at the time of the plea, the terms of the plea offer, and the factual basis for the plea, among other information. Similarly, where a defendant is sentenced to probation, such as in this case, she explains what probation violations are and their potential effect on the defendant's exposure to incarceration. Judge Pooler will testify that she presided over the plea colloquy that resulted in the defendant being adjudicated a convicted felon, although she has no independent memory of this defendant.

In addition to Judge Pooler's testimony, the government seeks to introduce a letter[2] written by the defendant to the Miami-Dade Clerk of Courts where he requested that the clerk's office send him the special conditions of release for his "cases that I got a conviction four" [*sic*].

The letter was written while the defendant was incarcerated for violating probation on the underlying aggravated battery felony. At the February 17, 2022 status conference ("status

---

[2] Although the government was initially seeking to admit three different letters written by the defendant, based on the record made during status conference, the government is no longer seeking to admit letters written while the defendant was incompetent to proceed. Instead, the government seeks only to admit the one letter written after the defendant was evaluated and subsequently found competent to proceed.

conference") (DE 62), the defendant objected to the admission of this letter and two other letters, claiming that they were written while the defendant was incompetent to proceed on his violation of probation. Importantly, the government now seeks to admit only one letter—the one post-marked on December 12, 2017, which was after the defendant had been evaluated by a psychiatrist relating to his competency to proceed on the probation violation. According to the docket sheet,[3] the psychiatrist evaluated the defendant on December 6, 2017, and filed the report deeming the defendant competent. The presiding judge signed an order finding the defendant competent to proceed on December 22, 2017, and this order was entered onto the docket on December 29, 2017. Therefore, the defendant was competent to proceed on the probation violation charge at the time he wrote the letter.  Again, the probationary sentence the defendant was serving at the time stemmed from the underlying aggravated battery conviction that is at issue here.

## III.    ARGUMENT

### A.    Legal Standard

Federal Rule of Evidence 401 states "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Rule 401 has been interpreted to impose two requirements for admissibility: "(1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."' *United States v. Glasser*, 773 F.2d 1553, 1559 n .4 (11th Cir. 1995), quoting *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981).  If evidence is not relevant, it is not admissible.  F.R.E. 402.

---

[3] The docket sheet is attached hereto as Attachment B. The order of competency is attached hereto as Attachment C.

**B.      Judge Pooler's Testimony Is Admissible Under F.R.E. 406.**

Evidence of a person's habit or an organization routine practice may be admitted to prove

that, on a particular occasion, the person or organization acted in accordance with the habit or

routine practice. F.R.E. 406. "The court may admit this evidence regardless of whether it is

corroborated or whether there was an eyewitness." *Id.* The Federal Rules of Evidence give habit

evidence a brand of trustworthiness so strong as to consider it material to establish conformity with

a habit or routine practice. *See Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 422 (5th Cir.

2008) ("Rule 406's use of the term 'habit' suggests a 'regular response to a repeated specific

situation' that has become 'semi-automatic.'") (citing *Reyes v. Missouri P.R. Co.,* 589 F.2d 791,

794 (5th Cir. 1979)); *see also Pursley v. Dretke*, 114 F. App'x. 630, 634 (5th Cir. 2004) ("habit"

means "a specific reaction to a specific set of stimuli that is reflexive, repeated, and invariable in

nature").

In fact, courts have admitted evidence regarding prior plea colloquies to establish

conformity in a pending case. *See, e.g.*, *United States v. Elmore*, 2017 WL 9473400, at *1 (M.D.

Ala. Nov. 2, 2017) ("The law of this Circuit establishes that testimony, recollections, and other

relevant records may establish a fair an accurate portrait of what transpired during [the] plea

colloquy.") (citing *United States v. Cashwell*, 950 F.2d 699, 704 (11th Cir. 1992)). In *Elmore*, such

as in this case, a transcript of a plea colloquy at issue was not available because it had been

destroyed. *Id.* The court permitted the reconstruction of a change-of-plea hearing based, in part,

on the magistrate judge and Assistant United States Attorney's statements regarding their standard

practices. *Id*., at *2. In so doing, the court rejected the defendant's argument that Eleventh Circuit

caselaw required a specific recollection of the proceeding at issue. *Id.* ("Elmore's argument about

the necessity of recollection evidence effectively would abrogate Federal Rule of Evidence 406 which requires only evidence of routine or habit.").

Although the posture of the instant matter does not mirror the cases described above, the courts' analyses are still instructive here. The defendant raised objections to the introduction of Judge Pooler's testimony at the status conference. The defendant argued that Judge Pooler's testimony was irrelevant if she could not recall the specifics of his 2014 guilty plea. This position is directly contradicted by controlling caselaw establishing that Rule 406 evidence is admissible, even absent additional corroboration. Judge Pooler's testimony regarding her standard practice in conducting plea colloquys is highly relevant in establishing that the defendant knew he was a convicted felon when he committed the charged offense. The proposition her testimony would establish is also of significant "consequence to the determination of the action," in that it tends to show that the defendant was advised that he would be adjudicated a felon. *Glasser*, 773 F.2d at 1559 n.4. Moreover, Judge Pooler's testimony would be corroborated by independent evidence establishing the defendant's knowledge—namely, the letter and jail calls during which he states that he is on felony probation and discusses his status as a convicted felon.   Accepting the defendant's irrelevance argument would effectively abrogate Rule 406.

**C. The Defendant's Letter Is Admissible Under F.R.E. 401.**

The defendant challenges his knowledge-of-status as a convicted felon and, therefore, his knowledge that he provided false information on ATF Form 4473. The letter is relevant under Rule 401 because the statements contained therein establish that he knew he was convicted. Moreover, the statement is admissible as an admission by a party-opponent under F.R.E. 801(d)(2).

Here, the defendant's letter, although written while he was in custody at The South Florida Evaluation and Treatment Center, was written after he was found competent to proceed by a

7

psychiatrist. There is no evidence that the statement was coerced or otherwise unreliable in any way. Moreover, controlling case law establishes that letters written by similarly situated defendants discussing their criminal conduct is admissible. *See United States v. Meagher*, 531 F.2d 752, 754 (5th Cir. 1976) *abrogated on other grounds by Jaffee v. Redmond*, 116 U.S. 1923 (1996) (recognizing patient-psychotherapist privilege). In *Meagher*, the defendant challenged admission of his letters, written to a psychiatrist, where he discussed, among other topics, the necessity of criminal activities to support his expensive living habits and his heavy drug use. *Id.* at 753. The government sought to admit the letters to disprove Meagher's insanity defense. *Id.* at 754. Meagher argued that admission of the letters violated his Fifth and Sixth Amendment rights and his physician-patient privilege. Although the Supreme Court later abrogated the decision on the grounds that the psychiatrist-patient communications are privileged under F.R.E. 501, the Fifth Circuit properly upheld the district court's decision to admit the letters as relevant to the defendant's state of mind. *Id.* at 754.

Here, admission of the defendant's letter acknowledging his felony conviction is proper because it strikes directly at the heart of the salient issues in the case. The evidence is highly probative and does not prejudice the defendant, as it was written after he was restored to competency. The content of the letter is neither inflammatory nor informs the jury of any impermissible information regarding the defendant's mental health—it is merely an acknowledgement of the defendant's awareness that he has been convicted of a crime. To prove its case, the government must show that the defendant knowingly made a false statement on ATF Form 4473 by knowingly lying about his status as a convicted felon. To rebut this, the government anticipates that the defendant's argument will be twofold: 1) that he did not know he had been convicted because he entered a no contest plea, and 2) that he did not know the crime to which he

8

pled was a felony. Admitting the letter rebuts the first prong of this argument and is therefore relevant to prove a material fact. Moreover, although the government has moved to exclude all references to the defendant's mental health at trial (DE 65), the government submits that, should the defendant open the door, all three letters would be relevant and admissible to disprove the defendant's lack of knowledge.

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court admit the Judge Pooler's testimony and the defendant's December 12, 2017 letter.

Respectfully submitted,
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____

Arielle Klepach
Assistant United States Attorney
Court ID No. A5502706
99 Northeast 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-3272
E-mail: Arielle.klepach@usdoj.gov

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2022, I electronically filed the foregoing document

with the Clerk of the Court and served all counsel of record using CM/ECF.


<u>/s/ Arielle Klepach</u>
Arielle Klepach
Assistant United States Attorney