UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-20497-CR-GAYLES

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SHAROD WILLIAM HOLLIE,
    Defendant.

                              /

## MOTION TO EXCLUDE THE TESTIMONY OF ROBERT GUINN

Sharod Hollie, through undersigned counsel, respectfully files this motion to exclude the testimony of Robert Guinn as improper evidence under Federal Rule of Evidence 406. In furtherance of this motion, Mr. Hollie states:

### Relevant History and Procedural Posture

On February 20, 2022, the government filed a motion to admit the testimony of Judge Pooler, the 11th Judicial Circuit of Florida judge who presided over Mr. Hollie's change of plea in 2014. (DE 66). Although Judge Pooler had no independent recollection of Mr. Hollie's change of plea hearing, the government sought to admit testimony of her habit or routine practice regarding plea colloquies, under Fed. R. Ev. 406. *Id*. On February 21, Mr. Hollie filed a motion opposing this habit testimony.

Before the Court ruled on the government's motion, non-party Judge Teresa Pooler filed an expedited motion to quash the subpoena issued by the government. (DE 70). Judge Pooler argued, in part, that requiring her to testify would require her to divulge the reasons that motivated her official acts and her thought process. *Id*. As

1

part of this motion, Judge Pooler included a sworn declaration, stating in part, "I cannot say with certainty what my plea colloquy was more than seven years ago, in July 2014, because my colloquy evolves as necessary depending upon the specific charges in the case, caselaw, and other developments." *Id*. at Exh. B. The government filed a response arguing that it did not intend to delve into the Judge's mental process. (DE 71).

Before jury selection on February 22, 2022, the Court heard argument from Judge Pooler and the government and ultimately granted the motion to quash the subpoena, effectively excluding Judge Pooler's testimony. The Court, in part, ruled that judges are not robots, and testimony about normal practices would necessarily delve into the mental process of the Judge.

During the lunch break on February 22, 2022, the government informed undersigned counsel that it was trying to contact the Assistant State Attorney assigned to Mr. Hollie's case at the time of the change of plea. At the end of the court day, the government advised they intended to call Mr. Guinn as a witness and that they would provide Mr. Hollie with a summary of his anticipated testimony. At 9:46pm on February 22, 2022, the government provided the summary to undersigned via email.

Mr. Guinn is a former Assistant State Attorney. He practiced in Judge Pooler's courtroom for five years and participated in over 1,000 change of plea hearings. Mr. Guinn does not have an independent recollection of Mr. Hollie's change of plea hearing in 2014. The government indicated its intent to elicit testimony about the

questions that Judge Pooler regularly asked during her change of plea colloquy. Mr. Hollie now files this motion to exclude any testimony regarding Judge Pooler's "habits" through witness Robert Guinn.

### Judge Pooler's Declaration Makes Clear That Her Plea Colloquy is Not a "Habit"

Federal Rule of Evidence 406 permits evidence of a person's habit to prove that, on a particular occasion, the person acted in accordance with the habit. "Habit" means "a specific reaction to a specific set of stimuli that is reflexive, repeated, and invariable in nature." *Pursley v. Dretke*, 114 F. App'x 630, 634 (5th Cir. 2004). Judge Pooler's declaration makes clear that any testimony regarding her plea colloquy is not "habit" evidence. Judge Pooler herself declared that her plea colloquy changes depending on the circumstances of the case, the caselaw, and other developments. (DE 70, Exh. B). Judge Pooler swore that she cannot be certain that her plea colloquy given in 2014 was the same as any other given time because of its changing nature. *Id*. By definition, testimony regarding Judge Pooler's plea colloquy cannot be "habit" evidence.

### The Defense Has No Way to Impeach Mr. Guinn's Testimony Because It Cannot Delve Into Judge Pooler's Mental Process

Should this Court admit Mr. Guinn's testimony, the defense anticipates, based on the government's proffer, that Mr. Guinn will testify to what Judge Pooler "regularly" does during a plea colloquy. This testimony could be properly impeached with testimony from Judge Pooler, who could testify that her plea colloquy changes over time and depending on the circumstances of the case. However, because the

defense cannot call Judge Pooler to delve into her mental process, there is no way to

impeach Mr. Guinn's improper and incorrect testimony.

Because Mr. Guinn's testimony is decidedly not habit evidence, based on the

declaration from Judge Pooler, and because Mr. Hollie cannot call Judge Pooler to

impeach Mr. Guinn, this Court must exclude the testimony of Robert Guinn.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:     /s/ *Lauren Field Krasnoff*
        Lauren Field Krasnoff
        Assistant Federal Public Defender
        Florida Bar No.: 86951
        150 W. Flagler Street, Suite 1700
        Miami, Florida 33130-1556
        Tel: (305) 533-4255
        Fax: (305) 536-4559
        E-mail: lauren_krasnoff@fd.org

4

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Lauren Field Krasnoff*